Graham, J.
This a dispute between Russell and Irene Holbrook (the Holbrooks), and Shell Oil Company (Shell). The Holbrooks allege, inter alia, that leaking tanks, when owned by Shell, contaminated their property. This case is before the court on Shell’s motion for summary judgment. The court has considered the pleadings, briefs filed and argument of counsel and finds that many genuine issues of material fact still exist and that the case must proceed to trial. Summary judgment is therefore DENIED.
BACKGROUND
The facts relevant to this motion can be limited as follows: In 1964, Russell and Irene Holbrook purchased from Shell a service station located at 2485 Massachusetts Avenue in Cambridge, Massachusetts. Shell retained ownership of the underground gasoline and oil tanks on the property. In 1980, the Holbrooks purchased the underground storage tanks from Shell. The Holbrooks allege that this sale was forced upon them against their will. In 1988, the Holbrooks discovered that their property was contaminated by various petroleum products. The Holbrooks allege that the contamination occurred prior to 1980, during the period of time in which Shell owned the storage tanks. *338 Shell contends that the contamination predominantly occurred after 1980, during the period of time in which the Holbrooks owned the tanks. The Holbrooks’ Amended Complaint consists of eight counts. Each count is in some way dependent upon whether Shell is responsible for the contamination of the Holbrooks’ property.
DISCUSSION
In its motion for summary judgment, Shell asserts that G.L.c. 2 IE preempts G.L.c. 93A. The court is not persuaded. The failure to disclose contamination can be cognizable pursuant to G.L.c. 93A as an unfair or deceptive trade practice. See Sheehy v. Lipton Industries, Iruc., 24 Mass.App.Ct. 188, 194-96 (1987).
Shell also asserts that the Holbrooks’ G.L.c. 93A claims concerning the alleged forced sale are preempted by the Petroleum Marketing Practices Act, 15 U.S.C. §§2802-2806. Again, the court is not persuaded. The Petroleum Marketing Practices Act was enacted to protect franchisers from the arbitrary and discriminatory termination or non-renewal of their franchises. See Darling v. Mobil Oil Corp., 864 F.2d 981, 983 (2nd Cir. 1989). The Act preempts only those state statutes that pertain to the termination or non-renewal of franchise agreements. Id. at 985-87. In this case, the Holbrooks do not contest the termination of their franchise with Shell Oil. The Holbrooks object to the alleged fact that Shell forced them to purchase defective underground petroleum tanks that resulted in the contamination of their property.
Finally, summary judgment on any of the Holbrooks’ claims based upon the statute of limitations is not appropriate at this time, since the operation of the statute requires resolution of many disputed factual questions. See Riley v. Presnell, 409 Mass. 239, 247-49 (1991).
ORDER
For the foregoing reasons, the motion for summary judgment of the Shell Oil Company is DENIED.